|   |   |
|---|---|
| ALLAN ROBINSON,<br><br>                    Plaintiff,<br><br>          v.<br><br>CITY OF RAYMOND, et al.,<br><br>                    Defendants. | CASE NO. C12-6064 BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

This matter comes before the Court on a motion to proceed in forma pauperis filed on December 14, 2012 by Allan Robinson ("Robinson") (Dkt. 1), along with his complaint (Dkt. 1-1). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

The district court may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a).  However, the "privilege of pleading in forma pauperis . . . in civil actions for damages should be allowed only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986).  Moreover, the court has broad discretion in denying an application to proceed

1    in forma pauperis. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied,* 375

2    U.S. 845 (1963).

3        In Robinson's application to proceed in forma pauperis, while he states his

4    checking account is over-drawn, he reports his household annual income for the last

5    twelve months as $41,100.00, from monthly benefits received from disability,

6    unemployment workers compensation or other public assistance. Dkt. 1 at 1. Although it

7    is not clear whether he continues to receive those monthly benefits, he does indicate that

8    he speaks with the Veteran Affairs Office and Social Security Administration monthly.

9    *See id.* at 2. Additionally, Robinson's application indicates that he received a settlement

10   of $5,000 for a vehicle accident within the last twelve months, and he owns a car worth

11   $875.00. *Id*. Based on this information, the Court, in its discretion, determines that

12   Robinson does not qualify for in forma pauperis status.  However, if Robinson wishes to

13   proceed with his lawsuit, he must pay the required filing fee.

14       Notwithstanding the Court's determination that Robinson may proceed if he pays

15   the filing fee, the Court notes that after a review of his complaint, the facts as alleged fail

16   to state a 42 U.S.C. § 1983 claim.  Additionally, it appears that while Robinson alleges a

17   Freedom of Information Act violation, no facts indicate a basis for that cause of action, as

18   he sought documents or information from Washington State entities.  Requests for

19   information made to the State of Washington are governed by RCW 42.56, et seq., and

20   violations thereof would likely form the basis of a state claim to be adjudicated in state,

21   not federal, court.

22

As drafted, the only possible basis for a federal jurisdiction in Robinson's complaint appears in his assertion that although he made a request for "reasonable accommodation," "no provisions" were made for his canine service animal in connection with a court appearance. These allegations could conceivably implicate the Americans with Disabilities Act.  A federal court may dismiss *sua sponte* (on its own initiative) pursuant to Fed. R. Civ. P. 12(b)(6) when it is clear that the Plaintiff has not stated a claim upon which relief may be granted.  Presently, Robinson's complaint does not clearly state a federal claim.  However, the Court will permit Robinson to amend his complaint and provide the Court with clear and specific facts and law supporting such a federal claim.  If, at that time, Robinson can demonstrate that the Court should exercise pendant jurisdiction over what appear to be his other state claims, then the Court will do so, upon payment of the required filing fee.  *See* 28 U.S.C. § 1367.

Therefore, it is hereby **ORDERED** that:

1. Robinson's motion to proceed in forma pauperis is **DENIED;** and

2. Robinson is directed to pay the filing fee by January 20, 2013, or his case will be dismissed.

Dated this 20th day of December, 2012.

_____
BENJAMIN H. SETTLE
United States District Judge